# IN THE COURT OF APPEALS OF IOWA

No. 18-1646
Filed September 11, 2019

IN RE THE MARRIAGE OF KAREN GUSTAVESON
AND CHRISTOPHER FISHER

Upon the Petition of
KAREN GUSTAVESON,
       Petitioner-Appellee,

And Concerning
CHRISTOPHER FISHER,
       Respondent-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Christopher Fisher appeals the district court order dismissing his contempt application. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines, for appellant.

Jaclyn M. Zimmerman of Miller, Zimmerman & Evans P.L.C., Des Moines, for appellee.

Considered by Potterfield, P.J., and Mullins and Greer, JJ. Gamble, S.J., takes no part.

**POTTERFIELD, Presiding Judge.**

Christopher Fisher appeals the district court order dismissing his contempt application against his former spouse Karen Fisher, now known as Karen Gustaveson. Christopher brought his contempt action under Iowa Code section 598.23 (2018). The application made several allegations of contempt, although only count G of the application is at issue on appeal. Count G alleged Karen violated a 2016 court order governing custody and visitation of the parties' minor child K.C.F. by "unilaterally rescheduling [Christopher]'s summer visitation to accommodate a mission trip by the minor child, the dates for which were known at the time [Karen] selected her summer visitation, but were not selected by [Karen]."

A hearing on the application was held on August 23, 2018. The district court issued its initial ruling on the application from the bench, and dismissed all of Christopher's contempt application except count G. For count G, the district court found Karen had defaulted her obligation to provide summer visitation to Christopher, but declined to find Karen in contempt, citing a lack of willfulness on Karen's part to justify finding her in contempt. Instead, the district court ordered Karen to allow Christopher to make up the five days of visitation Christopher had lost as a result of the child's trip. In a later written order, the district court determined it lacked the authority under Iowa Code Chapter 598 to modify visitation "where the party in default lacks the willfulness necessary to support a finding of contempt" and dismissed count G. Christopher appeals.

Review of a district court's refusal to hold a party in contempt under chapter 598 is highly deferential. *In re Marriage of Swan*, 526 N.W.2d 320, 327

(Iowa 1995) ("The trial court here had broad discretion and 'unless this discretion is grossly abused, the [trial court's] decision must stand.'" (alteration in original) (quoting *State v. Lipcamon*, 483 N.W.2d 605, 606 (Iowa 1992)). "Under *Swan*, the trial court may consider all the circumstances, not just whether a willful violation has been proven in deciding whether to impose punishment for contempt." *In re Marriage of Jones*, No. 17-1113, 2018 WL 2725371, at *1 (Iowa Ct. App. June 6, 2018) (citing *Swan*, 526 N.W.2d at 327). "[A] trial court is not required to hold a party in contempt even though the elements of contempt may exist." *Swan*, 526 N.W.2d at 327.

The district court determined Christopher had not met his burden to prove Karen had willfully disobeyed the 2016 custody order.

> Willful disobedience supporting a contempt finding "requires evidence of conduct that is intentional and deliberate with a bad or evil purpose, or wanton and in disregard of the rights of others, or contrary to a known duty, or unauthorized, coupled with an unconcern whether the contemner had the right or not."

*Christensen v. Iowa Dist. Court*, 578 N.W.2d 675, 678 (Iowa 1998) (quoting *Amro v. Iowa Dist. Court*, 429 N.W.2d 135, 140 (Iowa 1988)). At the hearing, Karen explained the mission trip was important to K.C.F., and she believed Christopher consented to let K.C.F. go on the trip when he agreed to pick K.C.F. up from the trip in Minnesota. The district court determined this testimony was credible, and Karen had not otherwise willfully disobeyed the 2016 order:

> [Christopher] failed to prove beyond a reasonable doubt that [Karen] knew the dates of the summer mission trip before she had to make her selection of visitation for that summer. In fact, the evidence demonstrates that [Christopher] probably knew more about those dates than [Karen] did at the time those selections were being made because the minor child told him about the

mission trip in advance of his selection. This was just a misunderstanding between the parents.

. . .

The Court does not find [Karen] in contempt. She did not act in wanton disregard of the [Christopher]'s rights. In the best interest of the child, [Karen] made a reasonable request to work out a time so the daughter could go to a summer camp that was important to her. Most reasonable parents would have worked that out. [Christopher] unreasonably refused. The Court does not find willfulness beyond a reasonable doubt.

Our review of the record supports the district court's findings. While Karen did allow K.C.F. to attend the mission trip against Christopher's wishes and contrary to the 2016 order, the record demonstrates Karen was not motivated by evil intent or disregard for Christopher's rights. K.C.F. adamantly wanted to go on the trip—she told Christopher as much before the trip was even scheduled. Karen wanted to fulfill her daughter's wishes and believed the trip would be a valuable learning experience for her. Karen took affirmative steps to get Christopher's permission months before the trip, and offered to reschedule his visitation with K.C.F. to make up for the lost days. Given this evidence and the high degree of deference owed to the district court, we cannot say the district court abused its discretion when it found Christopher did not meet his burden to show Karen had willfully disobeyed the 2016 order.

Finally, Karen requests appellate attorney fees in the amount of $500. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion." *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). "Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *Id.* (quoting *In re Marriage of Okland*, 699

N.W.2d 260, 270 (Iowa 2005)).  Upon consideration of these factors, we award Karen $500 in appellate attorney fees.

**AFFIRMED.**